## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Brandon Schumpert, individually and as a representative of the class,<br><br>     Plaintiff,<br><br>v.<br><br>Aldi, Inc.,<br><br>     Defendant. | Case No.:<br><br><br><br>**CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Brandon Schumpert ("Plaintiff"), by and through his attorneys, and on behalf of himself, the Class set forth below, and in the public interest, brings the following Class Action Complaint as of right against Aldi Inc. ("Defendant" or "Aldi"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENT

1.  This case is about the improper use of consumer reports. Through the Fair Credit Reporting Act, Congress has expressed its purpose and policy judgment, requiring users of consumer reports to "adopt reasonable procedures for meeting the needs of commerce" in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681.

2.  Aldi, a well-known supermarket chain, has systematically and willfully violated the FCRA by taking adverse employment action against its prospective and existing employees, based on information contained in consumer reports, without first providing such individuals with copies of their consumer reports. In a pattern and practice of related violations, Aldi has

1

consistently undermined Congress' carefully struck balance, unlawfully placing their business interests above the rights of consumers.

3.      Aldi routinely obtains and uses information in consumer reports to evaluate prospective and existing employees and frequently relies on such information, in whole or in part, as a basis for adverse employment action, e.g., termination, failure to hire, and failure to promote.

4.      While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure requirements under the FCRA, e.g., 15 U.S.C. § 1681b(b)(3)(A)(i) provides "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . **a copy of the report**[.]" (emphasis added).

5.      This requirement is especially important given that the FTC has found that up to twenty-six percent of consumers may have material errors in their consumer reports.[1]

6.      By taking adverse employment action against its prospective and existing employees, without first providing Plaintiff and other Class members copies of their consumer reports and without providing them a reasonable opportunity to respond to the information in the reports, Aldi willfully violated these requirements, in systematic violation of Plaintiff's rights and the rights of other Class members.

7.      Based on the foregoing violations, Plaintiff asserts FCRA claims against Aldi on behalf of himself and a class of prospective and existing Aldi employees.

---

[1] FTC. *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*. December 2012.  Available at http://www.ftc.gov/os/2013/02/130211factareport.pdf, last accessed March 28, 2013.

8.      On behalf himself and the Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief.

## THE PARTIES

9.      Individual and representative Plaintiff Brandon Schumpert ("Schumpert") is a resident of Augusta, Georgia (Richmond County).  Schumpert was a prospective employee of Aldi and is a member of the Class defined below.

10.      Defendant, Aldi Inc., is headquartered in Batavia, Illinois and does business throughout the United States.  According to its website, Aldi has over 1000 stores in 29 states.

## JURISDICTION AND VENUE

11.      This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

12.      Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391 because Aldi is headquartered and operates in this District.

## ALLEGATIONS REGARDING ALDI'S BUSINESS PRACTICES

13.      Aldi conducts background checks on all of its job applicants as part of a standard screening process.  *See* Exhibits 1 and 2.  In addition, Aldi also conducts background checks on existing employees during the course of their employment.

14.      Aldi does not perform these background checks in-house.  Rather, Aldi relies on outside consumer reporting agencies to obtain this information and report it to Aldi.  These reports constitute "consumer reports" for purposes of the FCRA.

15.      In 2012, Aldi employed EmployeeScreenIQ as its outside consumer reporting agency.

16.     It is standard industry practice for consumer reporting agencies to instruct their clients regarding their clients' FCRA disclosure responsibilities.

17.     EmployeeScreenIQ does, in fact, instruct its clients regarding their FCRA disclosure responsibilities.   An entire section of its website is dedicated to client compliance with FCRA's disclosure responsibilities.   *See* www.employeescreen.com/resources.asp.   In addition, EmployeeScreenIQ publishes a guide for its clients which specifically addresses their adverse action disclosure responsibilities. *See* Exhibit 3: 2 ¶ 7.   The guide instructs EmployeeScreenIQ's clients that before taking "adverse action, [clients] must give the individual a pre-adverse action disclosure *that includes a copy of the individual's consumer report*…" *Id.* (emphasis added).

18.     As a precondition to obtaining a consumer report from EmployeeScreenIQ, Aldi was required to certify, pursuant to 15 U.S.C. § 1681b(b), that it would provide pre-adverse action notice to anyone who Aldi intended to take adverse employment action against based in whole or in part on a consumer report.

19.     Aldi in fact certified that it would comply with the pre-adverse action notice provisions of the FCRA before procuring reports from EmployeeScreenIQ.

20.     Despite the above, Aldi does not provide prospective or existing employees with a copy of their consumer reports prior to taking adverse action against them based on the information in such reports.

21.     Aldi's practice violates one of the most fundamental protections afforded to employees under the FCRA, is contrary to the unambiguous language of the statute, and is counter to longstanding judicial and regulatory guidance.   *See* Exhibit 4 ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the

report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information . . . .").

22.     This practice is also similar to violations for which Aldi had already entered a consent decree with the FTC.  *See* Exhibit 5.

23.     By systematically failing to provide Plaintiff and other Class members with copies of their consumer reports prior to taking adverse employment action against them based on the information in such reports, Aldi willfully violated 15 U.S.C. §§ 1681b(b)(2)(A).

## ALLEGATIONS RELATING TO PLAINTIFF SCHUMPERT

24.     On March 11, 2005, Schumpert was charged with grand larceny in Aiken County, South Carolina, a non-juvenile felony.

25.     On May 31, 2006, the prosecution entered a *nolle prossequi* due to insufficient evidence.

26.     In the fall of 2012, more than seven years after he had been charged, Schumpert applied to work at Aldi in Augusta, Georgia.  He completed Aldi's standard employment application and background check consent form.

27.     The employment application asked Schumpert whether he had "been convicted of a non-juvenile felony within the last seven years."  *See* Exhibit 1.  Schumpert truthfully and accurately answered that he had not.

28.     After submitting his application and interviewing with Aldi, Schumpert was offered a position at Aldi's store in Augusta, Georgia.

29.     Prior to starting, however, Schumpert received a letter from Aldi, dated November 22, 2012 (the "pre-adverse action letter"), which informed him that his employment offer was being placed on hold because the information he had provided in his application was inconsistent with the information in his criminal background report.  *See* Exhibit 6.  The pre-adverse action letter did not indicate in what way Schumpert's application conflicted with his criminal background report.

30.     Included in the pre-adverse action letter was a reference to Schumpert's FCRA rights, "[e]nclosed is a notice ("A Summary of Your Rights Under the Fair Credit Reporting Act") indicating how you may seek a correction of the criminal history reported to Aldi if you believe the background report is inaccurate. You should follow the instructions on the enclosed notice to correct any such information [,]" and a Summary of FCRA Rights was, in fact, enclosed.  *See* Exhibit 7.

31.     The pre-adverse action letter did not, however, include a copy of Schumpert's consumer report.  Nor did it in any other way indicate that Schumpert should have or would be receiving a copy of his consumer report.

32.     Schumpert did not, in fact, receive a copy of his consumer report from ALDI.

33.     After receiving the pre-adverse action letter, because he did not know in what way his consumer report conflicted with his employment application, Schumpert called Colby Faulder, Director of Store Operations at Aldi ("Faulder").

34.     Faulder told Schumpert that his employment was on hold because his criminal background report revealed a charge for grand larceny.

35.     Schumpert asked for a copy of the report but Aldi refused to provide it.

36.     In an effort to resolve the issue, Schumpert provided Aldi with evidence that he had not been convicted of grand larceny and that, in fact, a *nolle prossequi* had been entered in his case.

37.     Despite providing Aldi with proof that he had not been convicted of grand larceny, or any other crime, Schumpert received a letter from Aldi, dated December 11, 2012, informing him that Aldi was withdrawing its offer of employment.  *See* Exhibit 8.

38.     After receiving the adverse action letter, and still not having received his consumer report from Aldi, Schumpert contacted EmployeeScreenIQ and requested a copy of the report that had been sent to Aldi.

39.     EmployeeScreenIQ sent him a copy per his request.

40.     The criminal report Schumpert received from EmployeeScreenIQ showed that the charge had been dismissed, i.e., that Schumpert had not been convicted of a non-juvenile felony. *See* Exhibit 9.

41.     Aldi willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by withdrawing its employment offer to Schumpert on the basis of information contained in a consumer report that it did not share with him.

## **CLASS ACTION ALLEGATIONS**

42.     Plaintiff asserts his claim in Count 1 on behalf of a  Class defined as follows:

**Proposed Class:**  All individuals:

(1) on whom Aldi obtained a consumer report for employment purposes in the period beginning two years prior to the filing of this complaint and extending through the date class notice is mailed; and

(2) to whom Aldi sent a pre-adverse action letter stating that it was considering taking adverse action against them based on information in a consumer report; and

(3) to whom Aldi did not provide a copy of the consumer report.

43.     Numerosity:  The Class is so numerous that joinder of all Class members is impracticable.  Aldi regularly obtains and uses information in consumer reports to conduct background checks on prospective and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action.  Plaintiff is informed and believes that during the relevant time period, thousands of Aldi's prospective and existing employees satisfy the definition of the Class.

44.     Typicality:  Plaintiff's claims are typical of the members of the Class.  Aldi typically uses consumer reports to conduct background checks on prospective and existing employees.  Aldi typically does not provide copies of consumer reports to prospective or existing employees before taking adverse action based on information contained in such reports.  The FCRA violations suffered by Plaintiff are typical of those suffered by other Class members, and Aldi treated Plaintiff consistent with other Class members in accordance with its standard policies and practices.

45.     Adequacy:  Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class action litigation.

46.     Commonality:  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

        a.      Whether Aldi uses consumer report information to conduct background checks on prospective and existing employees;

        b.      Whether Aldi violated the FCRA by taking adverse action against Plaintiff and other members of the Class on the basis of information in a consumer report and without first furnishing a copy of the report to the affected persons;

        c.      Whether Aldi's violations of the FCRA were willful;

        d.      The proper measure of statutory damages; and

        e.      The proper form of injunctive and declaratory relief.

47.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as a separate action would prospectively be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

48.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Aldi acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

49.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any

similar claims brought against Defendant by any members of the Class on an individual basis.

Class certification also will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments concerning Defendant's practices. Moreover, management of this action

as a class action will not present any likely difficulties. In the interests of justice and judicial

efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a

single forum.

50.     Plaintiff intends to send notice to all members of the Class to the extent required

by Rule 23. The names and addresses of the Class members are available from Defendant's

records.

## CLAIM FOR RELIEF

### Failure to Provide Copy of Consumer Report in Violation of FCRA
### 15 U.S.C. § 1681b(b)(3)(A)

51.     Plaintiff alleges and incorporates by reference the allegations in the preceding

paragraphs.

52.     Aldi used a "consumer report," as defined by the FCRA, to take adverse

employment action against Plaintiff and other members of the Class.

53.     Aldi violated the FCRA by failing to provide Plaintiff and other Class members

with a copy of the consumer report that Aldi intended to rely on to take adverse employment

action against them. *See* 15 U.S.C. § 1681b(b)(3)(A).

54.     The foregoing violations were willful. Aldi acted in deliberate or reckless

disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. §

1681b(b)(3)(A). Aldi's willful conduct is reflected by, inter alia, the following:

a.      The FCRA was enacted in 1970; Aldi had over 40 years to become

compliant.

      b.     Aldi is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful.

      c.     Aldi's conduct was inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.

      d.     Aldi knew or had reason to know from its communications with EmployeeScreenIQ that its conduct violated the FCRA.

      e.     Aldi knew or had reason to know its conduct violated the FCRA due to previously being disciplined by the FTC for similar violations.

      f.     Aldi certified to EmployeeScreenIQ, pursuant to 15 U.S.C. § 1681b(b), that it would comply with the pre-adverse action notice provisions of the FCRA, but failed to do so.

      g.     Aldi's similarly situated competitors provide prospective and existing employees with a copy of the consumer report that is used to take adverse employment action against them.

      h.     Aldi refused to provide the report to Plaintiff even when he requested a copy.

      i.     Despite the pellucid statutory text and there being a depth of guidance, Aldi adopted a policy that systematically deprived its prospective and existing employees of a copy of the consumer report that was used to take adverse employment action against them. By adopting such a policy, Aldi voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

j.      Purposeful adoption of such policy is evidenced both by Aldi failing to provide prospective and existing employees a copy of the consumer report that was used to take adverse employment action against them and Aldi's pre-adverse action letters, which reference an enclosed Summary of FCRA Rights but not a copy of the person's consumer report.

55.     Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

56.     Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## **PRAYER FOR RELIEF**

57.     WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for relief as follows:

a.      Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

b.      Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Class;

c.      Issuing proper notice to the Class at Aldi's expense;

d.      Declaring that Aldi committed multiple, separate violations of the FCRA;

e.      Declaring that Aldi acted willfully, in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f.      Awarding statutory damages as provided by the FCRA;

g.      Awarding reasonable attorneys' fees and costs as provided by the FCRA;

h.     Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

58.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury.

Respectfully submitted,

Dated: April 1, 2013

s/Poonam K. Lakhani
Poonam K. Lakhani, IL Bar No. 6306318
THE PRINZ LAW FIRM, P.C.
One East Wacker Dr., Suite 550
Chicago, IL 60601
Telephone: (312) 212-4450
Facsimile: (312) 284-4822
plakhani@prinz-lawfirm.com

NICHOLS KASTER, PLLP
E. Michelle Drake, MN Bar No. 0387366*
Nicholas D. Thompson, MN Bar No. 0389609*
        *pro hac vice motions forthcoming
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
drake@nka.com
nthompson@nka.com

ATTORNEYS FOR PLAINTIFF AND THE CLASS